990 F.2d 1255
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
AETNA CASUALTY AND SURETY COMPANY INC., Plaintiff-Appellee,
v.
GREAT AMERICAN INSURANCE COMPANY; Atlantic Mutual Insurance
Company; Cincinnati Insurance Company; General
Accident Insurance Company of America,
et al., Defendants,
and
Centennial Insurance Company, Defendant-Appellant.
AETNA CASUALTY AND SURETY COMPANY INC., Plaintiff-Appellant,
v.
GREAT AMERICAN INSURANCE COMPANY; Atlantic Mutual Insurance
Company; Cincinnati Insurance Company; General
Accident Insurance Company of America,
et al., Defendants,
and
Centennial Insurance Company, Defendant-Appellee.
 Nos. 91-56456, 92-55067 and 91-56460.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted April 9, 1993.
Decided April 16, 1993.
 
 Before HALL, WIGGINS and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Centennial Insurance Company ("Centennial") and Aetna Casualty and Surety ("Aetna") each appeal the district court judgment apportioning their respective shares of the costs of the insured's defense in this protracted litigation. We determine the district court's judgment was completely consistent with the memorandum decision we previously issued in this case, Aetna Casualty and Surety Co. v. Great American Ins. Co., No. 89-55811 (9th Cir. Feb. 28, 1991), and we affirm.
 
 
 3
 * Centennial appeals the district court's apportionment of the defense costs in this case between Aetna and Centennial. The issue of the application of the mathematics of our decision and the earlier judgment of Judge Gray is an easy one, notwithstanding the voluminous and convoluted arguments presented in the briefs from both parties.
 
 
 4
 Judge Gray determined that twenty percent of the defense costs at issue were unreasonable. He also determined that both parties bore equal responsibility for that excess, and thus split that amount evenly between Aetna and Centennial:
 
 
 5
 I nonetheless conclude that the fees were twenty percent too high. One half of the responsibility for that 20 percent too high the court imposes upon Centennial.... I conclude that the fees are 20 percent too high but in figuring what Centennial owes, I will charge them ten percent, one half of that or ten percent of the total.
 
 
 6
 Judge Gray's intent could not have been clearer--Centennial and Aetna are each responsible for one-half of the unreasonable attorneys' fees, with the remainder to be divided between the two companies. We recognized this clear reading of Judge Gray's intent in our memorandum decision where we stated: "The district court held that 20 percent of the total defense costs were unreasonable. These costs were apportioned equally between Aetna and Centennial."
 
 
 7
 The remaining eighty percent was divided among the two parties on the basis of their respective policy shares. Judge Gray determined that Centennial should pay two-thirds of the remainder, because that company had issued two-thirds of the policy amounts in effect. In our memorandum decision, we corrected the district court's apportionment based on coverage limits, because the court determined two of Aetna's policies were not at risk and thus did not enter those policies into the apportionment determination. We determined all of Aetna's policies should have been considered because the "factual allegations [in the complaints] gave Aetna notice of the potential for liability under its latter two policies." Because Aetna had $5 million in policy amounts and Centennial had $2 million, we stated:
 
 
 8
 If we were to apportion the defense costs between all five policies on the basis of their relative coverage limits, Aetna would bear five-sevenths and Centennial two-sevenths of the reasonable defense costs. However, the district court's apportionment may have been made in light of other equitable considerations not specifically articulated in its order. Therefore, we remand. On remand, the district court has discretion to make an equitable adjustment to this apportionment.
 
 
 9
 On remand, Judge Gray stated in a memorandum to counsel on July 11, 1991 that the court was "unaware of any other equitable considerations that would indicate a different result. Therefore, it is my intention to reapportion as directed by the Court of Appeals."
 
 
 10
 The judgment rendered on October 9, 1991, by Judge Marshall, who replaced Judge Gray in this case after his retirement, was consistent with both Judge Gray's earlier intentions and our decision in the memorandum. The only reason this issue is on appeal is that although Judge Gray clearly stated his intention to divide the share of unreasonable defense costs equally between Aetna and Centennial, he committed mathematical error in determining the exact amounts. That error resulted from the fact Judge Gray reduced the total amount by only ten percent, instead of the twenty percent he articulated, when he arrived at the reasonable fee amount to be divided. The new judgment ordered by Judge Marshall corrected this error and apportioned the attorneys' fees in a manner wholly consistent with the dictates of our memorandum and with Judge Gray's clearly expressed intent. Indeed, to accept Centennial's argument would mean that Aetna would solely bear its half of the unreasonable defense costs, with Centennial then paying only two-sevenths of the share it was allotted. That result would be undeniably contrary to Judge Gray's intent.
 
 II
 
 11
 Aetna cross-appeals, challenging the district court's apportionment on the basis of relative coverage limits. As we have already stated, on remand Judge Gray found no other equitable considerations and announced an intention to apply the apportionment determination we made in the previous memorandum decision. Judge Marshall did precisely that in the court's October 9 judgment. Now Aetna questions the application of the fractional apportionment we determined to be appropriate in our memorandum disposition.
 
 
 12
 This court does not have the authority to overturn the decision of another panel of this circuit, when a case is appealed after a remand from the decision of that prior panel. "Undeniably, the decision of the circuit court in a prior appeal must be followed in all subsequent proceedings in the same case under the law of the case doctrine." Lindy Pen Co. v. Bic Pen Corp., 982 F.2d 1400, 1404 (9th Cir.1993). Aetna urges us to in effect amend the memorandum disposition by ruling that the fractional apportionment announced by the court should be applied only to certain years, because to do otherwise would give "retroactive" application to the last two policies which were instituted after the commencement of the litigation. The memorandum expressed no such limitations on the circuit's application of apportionment. Even if we thought Aetna's argument had merit, we cannot alter the decision of the prior panel in this case.
 
 
 13
 In the memorandum disposition, this court stated that, except for equitable considerations the district court might articulate, the panel would apportion the reasonable defense costs five-sevenths to Aetna, and two-sevenths to Centennial. The district court specifically found no equitable considerations and applied the fractional apportionment mandated by this circuit. Aetna had an opportunity to present its argument that "equitable considerations" necessitated a non-retroactive application of policy limits. The district court apparently did not agree. The district court acted pursuant to its obligation to consider " 'varying equitable considerations which may arise, and which affect the insured and the ... carriers, and which depend upon the particular policies of insurance, the nature of the claim made, and the relation of the insured to the insurers.' " CNA Casualty v. Seaboard Surety Co., 176 Cal.App.3d 598, 619, 222 Cal.Rptr. 276, 289 (Cal.App. 1 Dist.1986) (quoting Signal Cos. v. Harbor Ins. Co., 27 Cal.3d 359, 369, 612 P.2d 889, 895 (1980)). The district court's judgment was well within its broad grant of discretion.
 
 
 14
 The memorandum disposition did not selectively apply the fractional amount to specific years, nor did the district court find that "equitable considerations" mandated such an apportionment. The district court judgment was in full compliance with the mandates of our prior memorandum disposition, and we refuse to amend that memorandum. There was no abuse of discretion.
 
 
 15
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3